MARY MULHOLLAND GUNDER, Appellant, *v.* 164 EAST SEVENTY-SECOND STREET CORPORATION, Respondent.

First Department, November 29, 1935.

*Lester Lyons,* for the motion.

*Joseph Otis,* opposed.

PER CURIAM. The defendant owns and operates a co-operative apartment house. Plaintiff in 1925 purchased certain shares of stock in the defendant corporation and at the same time entered into a lease of an apartment in said building. In 1926 a new lease was made, at a rental of one dollar a year, payable in advance, plus the lessee's proportion of the taxes and other current expenses, payable as and when fixed by the board of directors of the defendant. In May, 1932, plaintiff was in arrears $1,558.41 under said lease, and defendant commenced summary proceedings to dispossess plaintiff and for judgment for said arrears as unpaid rent. Plaintiff answered in said proceeding, alleging that the rent fixed by the lease was one dollar a year, which had been paid, and that the other payments provided for in the lease for maintenance and operating expenses, were contributions to be made in her capacity as stockholder-owner, and that for failure to pay the same the summary proceeding would not lie. A final order was entered in said proceeding for the removal of plaintiff from the premises, but because of defect in the landlord's papers, judgment for the rent was disallowed. Said final order was affirmed by the Appellate Term and leave to appeal to this court was denied.

Subsequently, plaintiff commenced this action for reformation of the lease, for an accounting, and for an injunction restraining issuance of the dispossess warrant. Upon plaintiff's furnishing an undertaking in an amount fixed by the court, an injunction *pendente lite* was issued. In the proceedings subsequently had in the action, including an appeal to this court from an order striking out the cause of action for an accounting as insufficient, which was affirmed (242 App. Div. 602), plaintiff has filed additional undertakings for the payment of any damages suffered by defendant by reason of a continuance of the injunction. In October, 1935, the action was tried, resulting in a judgment entered October 21, 1935, dismissing the complaint and vacating the injunction *pendente lite.* Up to the time of the trial, plaintiff had posted security in the sum of $9,250 for arrears of rent accrued during the course of the litigation.

Having appealed from said judgment, plaintiff moved in this court on November 1, 1935, for a stay of execution pending the appeal upon furnishing security in such amount as the court might deem sufficient. By order entered November 8, 1935, said motion was granted on condition that appellant file a surety company bond in the sum of $6,500, in addition to the security heretofore furnished, conditioned to pay all costs and damages to which defendant may be entitled by reason of the judgment appealed from in the event that said judgment or any part thereof is affirmed or the appeal dismissed. Said order, if the condition were complied with, would prevent the vacating of the injunction *pendente lite* until the determination of the appeal. Plaintiff has not complied with said condition and, consequently, no stay by virtue of said order is in force. The present motion, therefore, though in form one to continue a stay of the operation of the judgment, is actually a new motion for a stay.

The ground upon which this application is made is that on October 31, 1935, plaintiff presented in the United States District Court for the Northern District of Indiana, South Bend Division, her petition to be afforded an opportunity to effect a composition or an extension of time to pay her debts, under section 74 of the Bankruptcy Act* (U. S. Code, tit. 11, § 202), which was approved, and on that day an order of said court was issued authorizing her, pending the first meeting of creditors, to retain possession of her property, wherever situated; restraining all persons from bringing any action or issuing or executing any order against her, except with the permission of that court; and staying all actions and other proceedings pending against her until final decree in that proceeding; and enjoining all persons from instituting any actions or proceedings against her, except by permission of that court.

Said section 74 of the Bankruptcy Act provides in part:

" (m) The filing of a debtor's petition or answer seeking relief under this section shall subject the debtor and his property, wherever located, to the exclusive jurisdiction of the court in which the order approving the petition * * * is filed * * *: Provided, That it shall not affect any proceeding in any court in which a final decree has been entered. * * *

" (n) In addition to the provisions of section 11 of this Act| for the staying of pending suits, the court, on such notice and on such terms, if any, as it deems fair and equitable, may enjoin secured creditors who may be affected by the extension proposal from pro-

*Added by 47 U. S. Stat. at Large, 1467, chap. 204, as amd. by 48 id. 922, chap. 424, and 49 id. 246, chap. 114.— [Rep.

ceeding in any court for the enforcement of their claims until the extension has been confirmed or denied by the court." ⟩

Subdivision a of section 11 of the Bankruptcy Act* (U. S. Code, tit. 11, § 29) provides: " A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition."

It is obvious that under subdivision a of section 11 above quoted, plaintiff is not entitled to a stay, for this action is not a suit pending against plaintiff, nor is it founded on a claim from which a discharge in bankruptcy would be a release. It is an action founded on a claim that the lease involved does not express the true contract between plaintiff and the defendant; and such a claim could not be discharged in a bankruptcy proceeding. Therefore, if plaintiff is entitled to a stay herein by virtue of the Federal court order, it must be under the provision in subdivision n of section 74 of the Bankruptcy Act, that the Federal court may enjoin secured creditors affected by the extension proposal from proceeding in any court for the enforcement of their claims pending the proceeding in that court.

As above noticed, subdivision m of said section provides that the filing of a petition does not affect any proceeding in any court in which a final decree has been entered. Reading that provision, however, in connection with subdivision n relating to secured creditors, the Federal court cases hold that, in order to give the United States District Court jurisdiction to grant the injunction against proceedings in an action in a State court after final judgment, it must appear that the party so enjoined is a secured creditor by virtue of the judgment. (*Santos* v. *Moreda*, 71 F. [2d] 608; *Collins* v. *Welsh*, 75 id. 894.)

It must be conceded that, because of the pendency of this action, plaintiff was required to furnish various undertakings to secure arrears of rent, as a condition for the continuance of the injunction against the enforcement of the final order of the Municipal Court in the summary proceeding, which directed that this defendant as owner be put in possession of its property. Further, by virtue of the judgment herein, dismissing the complaint and vacating said injunction, defendant is left with the security of such undertakings for the payment of a part of its claims under the lease. In order to obtain such payment, however, defendant would have to reduce those claims to judgment; and it would be under such further judgment, if and when obtained, that defendant would be a secured

---

* 30 U. S. Stat. at Large, 549, chap. 541.— [REP.

judgment creditor, and not by virtue of the judgment in this action. The commencement of any action upon such claims, however, is already stayed by the Federal court order of October thirty-first. This court, therefore, is not called upon, because of plaintiff's proceeding in the Federal court, to make an order in this action staying the defendant from commencing any action upon such claims.

As to the balance of defendant's claims under the lease, for which plaintiff has furnished no security, they also have not been reduced to judgment, and, under section 11 of the Bankruptcy Act, any suit already commenced upon them and the instituting of any such suit is stayed by the Federal court order.

The defendant, therefore, being stayed by the Federal court order from taking any proceedings against plaintiff upon its claims under the lease for which plaintiff has furnished security, as well as upon those which are unsecured, this court is not required to direct that this appeal be stayed merely because of the existence of such claims, when it appears that their payment is not secured by virtue of the judgment herein.

The order of this court on November 8, 1935, granting plaintiff a stay of operation of the judgment pending appeal therefrom, upon condition that she furnish a further undertaking, did not prescribe any time within which said condition should be complied with. That order, therefore, is vacated and an order is herewith entered in lieu thereof, providing that the stay pending the appeal is upon condition that plaintiff file a surety company bond in the sum of $6,500 within five days from service of such new order, and that upon plaintiff's failure to file said bond within the time so limited, the motion for a stay is denied.

No sufficient reason being shown for the granting of the present motion, the same should be denied, with ten dollars costs.

Present — MARTIN, P. J., MERRELL, McAVOY, O'MALLEY and UNTERMYER, JJ.

Motion denied, with ten dollars costs.